OPINION
{¶ 1} Defendant-appellant, Kirby J. Waddell ("appellant"), appeals from the judgment of the Franklin County Municipal Court convicting him of one count of failure to confine a vicious dog in violation of R.C. 955.22(D) and one count of failure to license a dog in violation of R.C. 955.21, sentencing him to a 180-day jail term, suspending all *Page 2 
of the jail term imposed, and placing appellant under a period of community control for three years.
 {¶ 2} Appellant had possession of a pit bull he did not own while its owner was moving to a new city and claims the dog was covered by the insurance he had on the dogs he actually owned. Appellant maintains that the dog is friendly and loves people, especially children. While in appellant's custody, the dog jumped a six-foot fence and got out of the area where it was being contained. After the local animal shelter was notified, appellant asked the shelter's employee to remove the dog from his possession and hold it at the shelter for three days to give the dog's owner time to retrieve it.
 {¶ 3} Three days after animal control took possession of the animal the owner was still unable to retrieve it, so appellant retook possession of the dog to keep it from being euthanized. Appellant took extra precautions that he believed would prevent the dog from escaping, but the dog jumped the fence again.
 {¶ 4} On August 20, 2007, appellant was charged with the following: one count of failure to confine a vicious dog in violation of R.C. 955.22(D), a first-degree misdemeanor; three counts of failure to insure a vicious dog in violation of R.C. 955.22(E), a first-degree misdemeanor; one count of failure to license a dog in violation of R.C. 955.21, an unclassified misdemeanor; and three counts of violating a rabies quarantine, a minor misdemeanor.
 {¶ 5} On September 19, 2007, appellant pleaded guilty to one count of failure to confine a vicious dog and one count of failure to license a dog. In exchange for this guilty plea, all other charges against appellant were dropped. A final judgment was entered on this date sentencing appellant to a suspended jail term of 180 days and *Page 3 
placing him under community control for three years under the following conditions: (1) appellant must relinquish possession of five pit bull puppies by no later than December 19, 2007; (2) appellant can own or have within his possession no more than two dogs, identified as Cyrus and Bear; (3) appellant must maintain insurance for any vicious dogs; and (4) appellant must not commit any same or similar offenses.
 {¶ 6} Appellant appeals, raising five assignments of error:
 Assignment of Error No. 1:
 The pet in question is not vicious.
 Assignment of Error No. 2:
 The Defendant-Appellant was not the owner of pet in question.
 Assignment of Error No. 3:
 Proper [counsel] was denied to Defendant-Appellant.
 Assignment of Error No. 4:
 The plea agreement which the Prosecutor and Defendant-Appellant discussed differed from the final ruling of the court.
 Assignment of Error No. 5:
 The transcript for this proceeding is incomplete.
 {¶ 7} Appellant's first and second assignments of error contest factual issues. In signing the guilty plea, appellant waived his right to challenge issues of factual guilt traditionally determined by a jury.State v. Price, Franklin App. No. 02AP-1215, 2003-Ohio-4764, ¶ 27, citing State v. Hastings (Dec. 15, 1998), Franklin App. No. 98AP-421, and Crim. R. 11(B)(1). Accordingly, we overrule appellant's first and second assignments of error. *Page 4 
 {¶ 8} Appellant's third assignment of error asserts that the trial court denied him proper counsel. Crim. R. 44 sets forth the basic procedure for the assignment of counsel in Ohio criminal cases. Subsection (B) specifically states:
 Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
Subsection (B) applies to petty offenses, which, as defined in Crim. R. 2(D), includes any misdemeanor for which the penalty does not include confinement for more than six months. In addition, Crim. R. 44(C) states that, when dealing with petty offenses, "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." At minimum, "any waiver of counsel must be made on the record in open court." State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 24. Furthermore, because the right to counsel is guaranteed by the Sixth Amendment, "[t]he record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Id. at ¶ 25.
 {¶ 9} The transcript of appellant's hearing in the trial court indicates the following:
 [THE COURT:] * * * [B]ased upon the paperwork that I have been provided, the prosecution has indicated that you are going to be pleading guilty to one charge of failing to confine a vicious dog and one charge of failing to license an animal; and in exchange for those pleas of guilty, the prosecution is willing to dismiss all remaining charges in both case numbers. Is that your understanding of the plea agreement? *Page 5 
 THE DEFENDANT: Yes.
 THE COURT: Sir, under this agreement, you're now charged with two remaining offenses. The first is failure to confine a vicious dog, it carries up to six months in jail and a fine of up to $1,000. You're also charged with failing to properly license your animal. That carries a fine of $150. Do you understand the charges that you now face and their possible penalties?
 THE DEFENDANT: Yes.
 THE COURT: You do have the right to be represented by a lawyer, and if you cannot afford one, you'll have the right to have the Court appoint a lawyer to represent you at no cost to you. Do you understand that when you signed this statement you have given up your right to be represented by a lawyer here today?
 THE DEFENDANT: Yes.
(Emphasis added.) (Tr. 2-3.)
 {¶ 10} The plea agreement, which also served to waive appellant's right to counsel and a jury trial and is dated and signed by appellant, states:
 At an earlier time, either representing myself or with the effective assistance of counsel, I came to know and understand all the rights I had as a defendant in this criminal misdemeanor matter. If I * * * plead guilty to the offense(s) with which I am charged, a possible sentence may include a condition that I go to jail for a period of time. I have a right to a jury trial. Nevertheless, I am now knowingly, intelligently and voluntarily giving up my right to a jury trial. I now choose * * * to * * * enter a plea of guilty (which is a complete admission of my guilt). No one has promised me any reward or leniency for doing this. I have the right to consult with an attorney before making this choice. * * * Knowing all this I choose to proceed as indicated below.
(Emphasis added.) *Page 6 
 {¶ 11} Appellant then marked his initials beside the following statement: "I have or have had read to me the above. I understand it. As indicated by my initials I now: * * * Proceed without an attorney representing me."
 {¶ 12} The trial court was required to inform appellant of his rights and ensure that appellant understood those rights before signing the waiver. See Brooke at ¶ 25, 39. The record shows that appellant was informed of his right to counsel multiple times before signing the waiver, and each time he indicated that he understood the agreement. There is nothing in the record to suggest that appellant was not aware of or did not understand his right to counsel or his right to decline counsel. Therefore, we overrule appellant's third assignment of error.
 {¶ 13} In his fourth assignment of error, appellant claims that the plea agreement he ultimately signed differed from a previous agreement discussed with the prosecution. As quoted above, the court specifically laid out the terms of the agreement appellant was signing. In doing this, the court explicitly informed appellant that the agreement "carries up to six months in jail" and asked appellant if he understood. Appellant again, without any indication of hesitancy, stated "[y]es." (Tr. 3.) The waiver form signed by appellant also stated that jail time was a possibility. The court gave appellant ample opportunity to question his possible jail sentence, which would only be served if he violated a condition of his community control sanctions, and appellant failed to raise an issue. Appellant's only questions concerned fines and the dog restrictions.
 {¶ 14} The court stated, multiple times, that, if appellant violated the terms of his community control sanctions, he could serve up to "180 days in jail." (Tr. 11.) For example, the court stated: "[A] violation of this results in you serving 180 days in jail, so *Page 7 
make sure you maintain contact with your probation officer." (Tr. 11-12.) Appellant responded, "Uh-huh." (Tr. 12.) The court then stated: "And if there is to be any requested change to this Court order, that you see him and make those requests so that everything is clear here and you don't end up serving 180 days in jail." (Tr. 12.)
 {¶ 15} In his brief, appellant asserts that he pleaded guilty to eliminate the possibility of being confined. The record indicates, however, that the court repeatedly advised him of the potential 180-day jail sentence. As there is nothing on the record to suggest that appellant was unaware of the terms of his plea agreement, including the potential to spend up to 180 days in jail, or that he had not agreed to these terms, we overrule appellant's fourth assignment of error.
 {¶ 16} Appellant's fifth assignment of error asserts that the record is incomplete. Specifically, he claims that segments of the proceedings where he questioned the final agreement, as well as stated issues he had with the details of the dog visitation restrictions, were missing. It is well-established that an appellant has the burden of providing a full transcript under App. R. 9(B) for appellate review, as the appellant "bears the burden of showing error by reference to matters in the record." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199, citing State v. Skaggs (1978), 53 Ohio St.2d 162. Also, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp at 199. Accordingly, if critical portions of the transcript are missing, as appellant alleges, this court would still affirm the trial *Page 8 
court's decision because appellant has failed to supplement the record with proof of his claims.
 {¶ 17} Appellant also has the burden of filing a motion under App. R. 9(E) to correct or modify the record if he believes the record provided is incomplete, something appellant has failed to do in this case. App. R. 9(E) states:
 If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.
(Emphasis added.) The record shows that appellant did not file a motion with this court requesting that the record be corrected. Due to his failure to file the appropriate motion under App. R. 9(E), appellant has waived this issue. State v. Mathias (Mar. 31, 1994), Gallia App. No. 91CA31; State v. Rathburn (Apr. 28, 1992), Washington App. No. 90 CA 45. Appellant also has no evidence to support his claim that the transcript is incomplete, nor did our review indicate any incompleteness. For these reasons, we overrule appellant's fifth assignment of error.
 {¶ 18} Accordingly, we overrule appellant's assignments of error. We affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
 McGRATH, P.J., and BROWN, J., concur. *Page 1