decision and journal entry
{¶ 1} Defendant, John F. Peffer, appeals from the judgment of the Medina Municipal Court sentencing Defendant to a total of $600 in fines, 360 days in jail, with 180 suspended, and five years of probation after he plead no contest to two charges of violation of a temporary protection order. We reverse, set aside the sentence, and remand for the court to properly advise Defendant of his constitutional rights prior to sentencing.
{¶ 2} On March 22, 2002, Defendant was charged with threatening domestic violence (R.C. 2919.25(C)) and violation of temporary protective order (R.C. 2919.27(A)(1)). Then, on April 16, 2002, Defendant was charged with another violation of temporary protective order (R.C.2919.27(A)(1)), obstruction of official business (R.C. 2921.31(A)), and noise disturbance. Defendant originally pled not guilty to all charges. On June 12, 2002, Defendant, with counsel present, pled no contest to the violation of the first temporary protective order charge, whereupon the threatening domestic violence charge was dropped. Then, on October 22, 2002, again with counsel present, Defendant pled no contest to the second charge of violation of a temporary protective order. The remaining charges were then dropped.
{¶ 3} Both cases were set for sentencing on December 18, 2002. The day prior to sentencing, Defendant's counsel withdrew and Defendant filed a pro se motion to withdraw his pleas in both cases. The motion, however, lacked the required certificate of service, which was not filed until after the sentencing. Defendant appeared at the sentencing without counsel. The judge refrained from ruling on the pro se motion to withdraw the pleas because it had not been properly filed prior to sentencing and sentenced Defendant to $600 in fines, 360 days in jail (with 180 suspended), and 5 years of probation. Defendant timely appeals raising three assignments of error.
 ASSIGNMENT OF ERROR I "The trial court erred by sentencing [Defendant] when [Defendant] did not have counsel and had not waived counsel."
{¶ 4} In his first assignment of error, Defendant argues that it was error for the trial court to sentence him without counsel present. Defendant asserts that there is no evidence in the record indicating that he voluntarily, intelligently, and knowingly waived his right to counsel at sentencing. We agree.
{¶ 5} The Sixth Amendment to the United States Constitution gives every criminal defendant the right to counsel. This right extends to sentencing. U.S. v. Saenz (1990), 915 F.2d 1046, 1048. See also Mempa v.Rhay (1967), 389 U.S. 128, 134, 19 L.Ed.2d 336. In a petty offense case where the defendant may be sentenced to incarceration, Crim.R. 44(B) provides that "no sentence of confinement may be imposed upon [a defendant], unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." While a defendant has the right to represent himself, if he so chooses, he may do so only after the trial court ensures that the defendant knowingly, intelligently, and voluntarily waived his right to counsel. State v.Weiss (1993), 92 Ohio App.3d 681, 684, citing State v. Gibson (1976),45 Ohio St.2d 366, paragraph one of the syllabus. In Ohio, any waiver must be made "in open court" where the "advice and waiver shall be recorded[.]" Crim.R. 44(C).
{¶ 6} Defendant in this case did not waive his right to counsel on the record. The State did not contest this as it failed to file a brief. The transcript from the sentencing proceeding includes only the following statement by the court regarding counsel:
 "[Defendant] was represented throughout this matter by [counsel]. [Counsel] has asked for leave to withdraw and was granted leave to withdraw based upon his representation that [Defendant] no longer desired to have him represent him in this matter and had discharged him in this case."
{¶ 7} The trial court did not advise Defendant of his right to counsel at sentencing, or make any effort to determine if Defendant had intelligently, knowingly, and voluntarily waived counsel. No written waiver of this right was signed by Defendant and presented to the court. Given that there is no evidence that Defendant voluntarily waived his right to counsel at sentencing, we reverse, set aside the sentence, and remand for re-sentencing.
 ASSIGNMENT OF ERROR II "The trial court erred when it refused to consider [Defendant's] pro se motion to withdraw pleas prior to sentencing."
 ASSIGNMENT OF ERROR III "The trial court abused its discretion in overruling [Defendant's] motion to withdraw pleas under either standard."
{¶ 8} Given our determination as to Defendant's first assignment of error, we refrain from addressing Defendant's additional assignments of error.
{¶ 9} Defendant's first assignment of error is upheld. We refrain from deciding Defendant's second and third assignments of error. The judgment of the Medina Municipal Court is set aside. This cause is reversed and remanded.
Judgment reversed and cause remanded.