[Cite as *Solon v. Bollin-Booth*, 2012-Ohio-815.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97099**

## CITY OF SOLON

PLAINTIFF-APPELLEE

vs.

## ERIK BOLLIN-BOOTH

DEFENDANT-APPELLANT

### JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Bedford Municipal Court
Case No. 10 CRB 00818

**BEFORE:** Keough, J., Celebrezze, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 8, 2012

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, OH 44114

**ATTORNEY FOR APPELLEE**

Lon D. Stolarsky
5333 Northfield Road
Suite 250
Bedford Heights, OH 44146

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Erik Bollin-Booth, appeals from the trial court's judgment denying his motion to vacate his plea. For the reasons stated below, we reverse and remand.

## I. Facts and Procedural History

{¶2} Bollin-Booth was arrested on June 9, 2010 and charged with domestic violence in violation of R.C. 2919.25(A), a first degree misdemeanor. The trial court found that he was indigent and appointed an attorney to represent him.

{¶3} The App.R. 9(C) statement of evidence prepared by the trial court reflects that several pretrials occurred. During these pretrials, Bollin-Booth presumably worked out an agreement with the prosecutor to plead no contest to an amended charge, because on August 9, 2010, Bollin-Booth appeared with counsel before a magistrate and signed a document captioned "Pretrial Agreement Form." The form provided that the first degree domestic violence charge was amended to domestic violence in violation of R.C. 2919.25(C), a fourth degree misdemeanor. The form indicated that the trial court found Bollin-Booth guilty of the amended charge and sentenced him to 90 days in jail,[1] suspended, plus a fine of $250 ($100 suspended) and court costs. The form also indicated that Bollin-Booth was placed on one year of active probation with various conditions. The form was signed by the prosecutor, Bollin-Booth's counsel, the magistrate, and the

---

[1]The City conceded at oral argument that this sentence was incorrect because the maximum jail sentence for a fourth degree misdemeanor is 30 days. R.C. 2929.24.

judge. Bollin-Booth signed the back of the form to indicate his understanding that the fine and court costs were to be paid by cash, check, or credit card at the time of sentencing.

{¶4} There was no reference on the form indicating that Bollin-Booth's no contest plea was made knowingly, voluntarily, and intelligently, nor was there any statement advising Bollin-Booth pursuant to Crim.R. 11 of the effect of his plea.

{¶5} Bollin-Booth did not appeal his conviction and sentence. Nearly one year later, he filed a motion to withdraw his plea. The trial court denied his motion and Bollin-Booth now appeals from the trial court's judgment.

## II. Appellant's Appeal is Not Moot

{¶6} "At common law, courts considered appeals in criminal cases to be moot if the appellant had completed the sentence prior to a ruling on the appeal on the basis that if a sentence had been served, a favorable judgment could not 'operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served.'" *Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, ¶ 17, quoting *St. Pierre v. United States*, 319 U.S. 41, 42-43, 63 S.Ct. 910, 87 L.E. 1199 (1943).[2]

{¶7} In accord with that rule, the Ohio Supreme Court has held that:

where a criminal defendant, convicted of a misdemeanor, voluntarily satisfied the judgment imposed upon him or her for that offense, an appeal

---

[2] A court has no jurisdiction to decide moot cases because there is no subject matter upon which the court's decision could operate.

from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. *State v. Golston*, 71 Ohio St.3d 224, 226, 643 N.E.2d 109 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), and *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987). *See also In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, ¶ 9, citing *Wilson* at the syllabus.

{¶8} The trial court's App.R. 9(C) statement, filed with this court on September 16, 2011, states that "[d]efendant paid his fine, court costs[,] and fully satisfied his sentence." The trial court sentenced Bollin-Booth on August 9, 2010. The record reflects that Bollin-Booth paid the fine and court costs the same day. Bollin-Booth's one year of active probation was completed on August 8, 2011, shortly after his appeal of the trial court's judgment denying his motion to withdraw his plea was filed on July 26, 2011.

{¶9} In *Lewis*, the Supreme Court of Ohio considered what it means to "voluntarily" complete a sentence for purposes of the mootness doctrine and held that:

> the completion of a sentence is not voluntary and will not moot an appeal if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide. *Id.* at ¶ 26.

{¶10} Here, it is apparent that Bollin-Booth voluntarily completed his sentence in this case. He paid his fine the day it was imposed, and never filed a direct appeal of his conviction and sentence nor asked for a stay of execution of sentence in either the trial court or this court.

{¶11} Nevertheless, on this record, we can infer a collateral consequence arising from Bollin-Booth's domestic violence conviction. *See Cleveland Hts. v. Lewis*, 187 Ohio

App.3d 786, 2010-Ohio-2208, 933 N.E.2d 1146, ¶ 11 (8th Dist.). A collateral disability is an adverse legal consequence of a conviction or judgment that survives despite the court's sentence having been satisfied or served. *In re S.J.K.*, 114 Ohio St.3d 23, 2007-Ohio-2621, 867 N.E.2d 408, at ¶ 10. Here, Bollin-Booth's misdemeanor domestic violence conviction can be used to enhance the severity of any later criminal charge of domestic violence. *See* R.C. 2919.25(D)(3). In addition, as recognized in *Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278 (Lanzinger, J., concurring), at ¶ 29-34, there are numerous other "real and significant" collateral consequences of any misdemeanor conviction. Accordingly, we find that Bollin-Booth's appeal is not moot.

### III.   Motion to Vacate Plea

{¶12} Bollin-Booth contends that the trial court abused its discretion in denying his postsentence motion to vacate his plea. Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." This standard permits a defendant to withdraw his plea only in extraordinary cases. *State v. Alford*, 8th Dist. No. 93911, 2010-Ohio-4130, 2010 WL 3442398, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). We review a trial court's denial of a postsentence motion to withdraw a plea under an abuse of discretion standard. *Id.*

{¶13} Bollin-Booth argues that he should have been allowed to withdraw his plea because the trial court did not conduct a Crim.R. 11 colloquy in open court before accepting his plea, and his plea was "done only with pieces of paper." Bollin-Booth

contends that before accepting his no contest plea, the trial court was required to engage in a colloquy with him in open court and advise him of the constitutional rights he was waiving, just as the court must do with a felony defendant.

{¶14} Crim.R. 2(D) defines a "petty offense" as "a misdemeanor other than [a] serious offense." A "serious offense" is defined in Crim.R. 2(C) as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Bollin-Booth pled no contest to a fourth degree domestic violence charge carrying a maximum jail term of less than six months; therefore, it was a petty offense. R.C. 2929.24(A)(4).

{¶15} Pleas in petty offense cases are governed by Crim.R. 11(E), which states: "In misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E).

{¶16} In *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, the Supreme Court of Ohio was asked to "clarify the trial judge's duties under Crim.R. 11 when accepting a plea in a misdemeanor case involving a petty offense." *Id.* at ¶ 1. The court held that "[i]n accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *Id.* at paragraph one of the syllabus. A trial court may do so either "orally or in writing." *Id.* at ¶ 51.

{¶17} Crim.R. 11(B)(2), regarding the effect of a no contest plea, provides that "the

plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Thus, the trial court in this case was required to advise Bollin-Booth, either orally or in writing, prior to accepting his no contest plea, of the language contained in Crim.R. 11(B)(2). *Id.* at ¶ 23.

{¶18} In light of our discussion, Bollin-Booth's assertion that the trial court was required to engage in a colloquy and advise him in open court of the constitutional rights he was waiving by entering his no contest plea is without merit. A Crim.R. 11(B)(2) advisement in writing would have been adequate.

{¶19} To determine whether the trial court in this case complied with the requirements of Crim.R. 11(B)(2), we look to the record. Normally, a reviewing court reviews the transcript of the plea hearing to determine compliance with Crim.R. 11. But under Crim.R. 22, proceedings in a petty offense case need not be recorded unless recording is requested by a party to the proceeding. *N. Randall v. Withrow*, 8th Dist. No. 94574, 2011-Ohio-1675, 2011 WL 1326107, ¶ 16, citing *State v. Gaetano*, 44 Ohio App.2d 233, 337 N.E.2d 664 (7th Dist.1974). Because this case involved a petty offense, there was no requirement that a transcript of the proceedings be made.

{¶20} From the record, it appears that the magistrate accepted Bollin-Booth's no contest plea. Crim.R. 19 authorizes magistrates to accept and enter no contest pleas in misdemeanor cases, provided the requirements of Crim.R. 11 are met. "In such instances,

any subsequent action by the trial court on [the defendant's] plea is not subject to Crim.R. 11 scrutiny." *Withrow* at ¶ 17. Accordingly, we must determine whether the magistrate complied with the requirements of Crim.R. 11(E) and 11(B)(2).

{¶21} Since no transcript of the proceedings exists, we look to the "Plea Agreement Form" signed by Bollin-Booth, his counsel, and the magistrate to determine if he was advised of the effect of the plea.[3] The form contains no Crim.R. 11 advisements. There is nothing on the form explaining a no contest plea, nor is there any other information related to the requirements of Crim.R. 11(E) or 11(B)(2). Accordingly, we must conclude that the "Plea Agreement Form" does not establish that Bollin-Booth was advised of the effect of his plea as required by Crim.R. 11.

{¶22} Paragraph 11 of the trial court's App.R. 9(C) statement states that "[o]n August 9, 2010, the trial court issued the following entry: "Deft. Present with counsel; all rights pursuant to Crim.Rule 11 D&E explained."" The City argues that this statement indicates that the proper advisement was given. But the magistrate was required to advise Bollin-Booth of the effect of his plea under Crim.R. 11(B)(2), not Crim.R. 11(D) or (E). *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, at ¶ 23. Further, we find no such entry in the record.

{¶23} As this court noted in *Withrow*, an appellant has the burden of providing the

---

[3] Paragraph 12 of the trial court's App.R. 9(C) statement of the evidence asserts that Bollin-Booth "was provided with a change of plea form and a waiver of rights form by the court on August 9, 2010." There are no such forms in the record. The only form in the record is the "Pretrial Agreement Form" that was signed by Bollin-Booth's counsel, the prosecutor, the magistrate, and the judge on August 9, 2010.

reviewing court with a complete record, and a court will generally presume regularity in a trial court's actions in the absence of a transcript for review. *Withrow*, 8th Dist. No. 94574, 2011-Ohio-1675, 2011 WL 1326107, at ¶ 19. However, in this instance, Bollin-Booth could not provide a transcript because one does not exist; as stated in the trial court's App.R. 9(C) statement of evidence, "[a]t no time was there a Crim.R. 11 hearing or colloquy on the record." Therefore, "we cannot presume regularity where the court failed to create a record capable of review and then blame that failure on the appellant." *Id.*

{¶24} We find that the only record regarding Bollin-Booth's plea was the "Pretrial Agreement Form," and that form was not in compliance with Crim.R. 11. Accordingly, we hold that the trial court did not provide Bollin-Booth with an explanation of the effect of his no contest plea as required by Crim.R. 11.[4]

{¶25} The city argues that even if the trial court failed to inform Bollin-Booth of the effect of his no contest plea, Bollin-Booth must demonstrate that he was prejudiced by the trial court's failure to comply with Crim.R. 11. This court addressed this issue in *Parma v. Buckwald*, 8th Dist. Nos. 92354 and 92356, 2009-Ohio-4032, 2009 WL 2462626, ¶ 43-45,where we stated:

> [I]n *Jones*, although the Ohio Supreme Court acknowledged that the trial court committed clear error, the court also concluded the error did not involve a constitutional right. For that reason, the error was not reversible without a showing of prejudice. Prejudice, in this context, means that the

---

[4]This court considered the same form in *Withrow*, also with respect to a no contest plea, and reached the same result.

plea would not otherwise have been made but for the trial court error. Jones did not allege any prejudice from the trial court's failure to tell him that a plea amounts to a complete admission of guilt, and he never claimed that he was innocent. Thus, the Supreme Court determined that he was not prejudiced by the trial court's failure to comply with Crim.R. 11(B)(1) * * *.

More recently, however, in *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748, the Ohio Supreme Court explained:
"When the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or failed to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. * * * The test for prejudice is 'whether the plea would have otherwise been made.' * * * If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. * * * 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' (Internal citations omitted.) *Clark* at ¶ 32."

**{¶26}** Here, there was "a complete failure to comply with the rule." The trial court did not provide Bollin-Booth with any explanation of the effect of his plea under Crim.R. 11(B)(2) and, therefore, a prejudice analysis is not necessary.

**{¶27}** Bollin-Booth's assignment of error is sustained and his plea is vacated. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

**{¶28}** Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR