[Cite as *Columbus v. Abrahamson*, 2014-Ohio-3930.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 13AP-1077 |
| v. | : | (M.C. No. 2012 ER B 074742) |
| Virgil R. Abrahamson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 11, 2014

*Richard C. Pfeiffer, Jr.*, City Attorney, *Lara N. Baker*, City Prosecutor, *Melanie R. Tobias* and *Orly Ahroni*, for appellee.

*Yeura Venters*, Public Defender, and *Emily L. Huddleston*, for appellant.

APPEAL from the Franklin County Municipal Court,
Environmental Division

DORRIAN, J.

{¶ 1} Defendant-appellant, Virgil R. Abrahamson ("appellant"), appeals from a judgment of the Franklin County Municipal Court, Environmental Division, imposing a sentence pursuant to his guilty plea to one count of violating the Columbus Zoning Code. Because we conclude that the trial court did not adequately advise appellant regarding his right to counsel at the sentencing hearing and did not determine whether appellant knowingly, voluntarily, and intelligently waived his right to counsel at the sentencing hearing, we reverse and remand for resentencing.

{¶ 2} Appellant was charged with violating Columbus Zoning Code 3312.43, a third-degree misdemeanor, and Columbus Zoning Code 3332.289, also a third-degree misdemeanor. In March 2013, appellant entered a plea of not guilty and requested a jury trial. On August 28, 2013, appellant appeared at an arraignment hearing before a

magistrate of the municipal court (the "plea hearing"), where appellant pled guilty to one count of a zoning violation, with the prosecutor for plaintiff-appellee, City of Columbus ("the city"), agreeing to drop the remaining charge. Appellant subsequently appeared at a sentencing hearing before a judge of the environmental court on November 19, 2013, where the court imposed a suspended sentence of sixty days' imprisonment and a one-year term of community control, on the conditions that appellant have his property in compliance with the zoning code within one week and not commit any similar offenses while under community control. The trial court also imposed a fine of $100 and court costs.

{¶ 3} Appellant appeals from the trial court's judgment, assigning three errors for this court's review:

> 1. The trial court erred by failing to advise Appellant of the possible dangers and disadvantages of representing himself at both the plea and sentencing hearings. Therefore, Appellant did not make a knowing, intelligent and voluntary waiver of his right to counsel and his plea and sentencing must be vacated.
>
> 2. The trial court erred by failing to determine whether Appellant made a knowing, intelligent, and voluntary waiver of counsel at both the plea and sentencing hearings so as not to violate his rights pursuant to the Sixth and Fourteenth Amendments to the United States Constitution, Article 10 Section 1 of the Ohio Constitution and Crim.R. 44. Therefore, his plea and sentencing must be vacated.
>
> 3. The trial court imposed an unlawful sentence by imposing a period of incarceration suspended for community control when Appellant had not made a knowing, intelligent, and voluntary waiver of counsel and was not represented by counsel at sentencing pursuant to Crim.R. 44.

{¶ 4} Appellant's first and second assignments of error both relate to his waiver of the right to counsel at the plea and sentencing hearings; therefore, we address them together.

{¶ 5} The Sixth Amendment of the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee criminal defendants the right to counsel. *State v. Clary*, 73 Ohio App.3d 42, 46 (10th Dist.1991). The right to counsel attaches at all

"critical stages" of the criminal process. *Dobbins v. Ohio Bur. of Motor Vehicles*, 75 Ohio St.3d 533, 537 (1996). A plea hearing is a critical stage of the criminal process at which the right to counsel applies. *Iowa v. Tovar*, 541 U.S. 77, 81 (2004) ("The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres."); *State v. Perkins*, 2d Dist. No. 22956, 2010-Ohio-2640, ¶ 34. The United States Supreme Court has also held that "sentencing is a critical stage of the criminal proceeding at which [a defendant] is entitled to the effective assistance of counsel." *Gardner v. Florida*, 430 U.S. 349, 358 (1977). *See also State v. Schleiger*, 12th Dist. No. CA2011-11-012, 2013-Ohio-1110, ¶ 11; *State v. Roberson*, 141 Ohio App.3d 626, 629 (6th Dist.2001).

{¶ 6} "A defendant may proceed without counsel if the defendant has made a knowing, voluntary, and intelligent waiver of the right to counsel." *State v. Crosky*, 10th Dist. No. 06AP-655, 2008-Ohio-145, citing *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, ¶ 24. "Courts indulge in every reasonable presumption against a waiver of a constitutional right, including the right to have the assistance of counsel in a criminal proceeding." *State v. Haines*, 10th Dist. No. 05AP-55, 2005-Ohio-5707, ¶ 24. *See also State v. Glass*, 10th Dist. No. 10AP-558, 2011-Ohio-6287, ¶ 59 (Klatt, J., dissenting). We undertake a de novo review to determine whether a defendant has made a knowing, voluntary, and intelligent wavier of the right to counsel. *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 26; *State v. Mootispaw*, 4th Dist. No. 09CA33, 2010-Ohio-4772, ¶ 21.

{¶ 7} We begin by considering whether appellant made a knowing, voluntary, and intelligent waiver of the right to counsel at the plea hearing. Appellant argues that his waiver at the plea hearing was not knowing, voluntary, and intelligent because the trial court failed to advise him of the dangers and disadvantages of self-representation. Appellant also argues that the trial court failed to make sufficient inquiry to determine whether his waiver was knowing, voluntary, and intelligent.

{¶ 8} The Ohio Rules of Criminal Procedure define a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Any misdemeanor other than a serious offense is classified as a "petty offense." Crim.R. 2(D). For both serious and petty

offenses, the court must advise a defendant of the right to counsel, and any waiver of the right to counsel must be knowing, voluntary, and intelligent. *See* Crim.R. 44; *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 25. A waiver of counsel must be made in open court and on the record, but a written waiver is only required in cases involving serious offenses. Crim.R. 44(C). When a defendant waives the right to counsel for purposes of *trial*, the court must advise the defendant of the risks of self-representation and must explain "the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation or other facts essential to a broad understanding of the whole matter." *Martin* at ¶ 43. However, a court is not required to warn of the risks of self-representation when a defendant charged with a petty offense waives the right to counsel and pleads guilty or no contest. It is sufficient that the court inform the defendant of the right to counsel and the right to waive counsel. *Brooke* at ¶ 39; *State v. Waddell*, 10th Dist. No. 07AP-845, 2008-Ohio-3556, ¶ 12. Prior to accepting the guilty or no-contest plea, the court must also inform the defendant of the effect of a plea of guilty, no contest, and not guilty. Crim.R. 11(E).

{¶ 9} Appellant was charged with two violations of the Columbus Zoning Code, which were third-degree misdemeanor offenses.[1] On each charge, appellant was subject to a term of imprisonment of not more than 60 days and a fine of not more than $500. Columbus General Offense Code 2301.25(B)(3) and (C)(3). Because appellant was subject to a term of imprisonment of less than six months, the charges against him were petty offenses. Crim.R. 2(D). Therefore, at the plea hearing, the trial court was required to inform appellant of the right to counsel and the right to waive counsel but was not required to warn appellant of the risks of self-representation. *Brooke* at ¶ 39; *Waddell* at ¶ 12.

{¶ 10} The record reflects that, before the plea hearing, a general announcement was made explaining the arraignment process and notifying all participants that they had the right to consult an attorney prior to entering a plea. The announcement indicated that a continuance could be requested to speak with a representative from the public defender's office. The announcement also explained the options of pleading guilty, no

---

[1] At the time appellant was charged and convicted, violations of the Columbus Zoning Code were classified as third-degree misdemeanors. The Columbus Zoning Code has subsequently been amended to provide that such violations are first-degree misdemeanors. Columbus Zoning Code 3305.99.

contest or not guilty and briefly outlined the consequences of each of those options. After appellant's case was called, the magistrate confirmed that appellant had an opportunity to speak with the prosecutor and explained the proposed plea agreement. The magistrate also confirmed that appellant wished to waive his right to counsel and explained the rights appellant was waiving by pleading guilty:

> THE MAGISTRATE: All right, sir. Let me just make sure you understand your rights. Okay, Mr. Abrahamson?
>
> You don't have an attorney with you today. Did you want to proceed — enter a plea without having an attorney with you, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE MAGISTRATE: Okay. And without — Had you not entered a plea, you'd have a right to — that the case would go to trial —
>
> THE DEFENDANT: Yes, sir.
>
> THE MAGISTRATE: — where the — you'd have a right to a jury trial. The prosecutor would have to prove the case against you beyond a reasonable doubt.
>
> THE DEFENDANT: Right.
>
> THE MAGISTRATE: You'd have a right to cross-examine witnesses against you, call your own witnesses. Did you want to give up those rights and enter a plea today, sir?
>
> THE DEFENDANT: Yes, sir.
>
> THE MAGISTRATE: And one more time, sir, what's the plea you want to enter to that charge?
>
> THE DEFENDANT: Guilty.

(Aug. 28, 2013 Tr. 3-4). Appellant also signed a waiver of jury trial and entry of guilty plea form that indicated he had the right to consult an attorney and the right to a reasonable continuance of the proceedings to consult with an attorney before entering a plea. Appellant initialed the portion of the form indicating that he wished to proceed without an attorney.

{¶ 11} This court concluded that a waiver of the right to counsel under similar circumstances was made knowingly, voluntarily, and intelligently in *Waddell*. In that case, the defendant was charged with four first-degree misdemeanors, an unclassified misdemeanor, and three minor misdemeanors, all related to his possession of a pit bull. *Waddell* at ¶ 4. The defendant ultimately pled guilty to one count of failure to confine a vicious dog, a first-degree misdemeanor, and one count of failure to license a dog, an unclassified misdemeanor, with all other charges dropped. He was sentenced to a suspended jail term of 180 days and placed under community control for 3 years with certain conditions. *Id.* at ¶ 5. On appeal, the defendant argued that he was denied proper counsel. The transcript of the plea hearing indicated that the trial court advised the defendant that he had the right to counsel and the right to have counsel appointed if he could not afford it. The court asked the defendant if he understood that he was waiving this right under the plea agreement, and the defendant responded in the affirmative. *Id.* at ¶ 9. The defendant also signed a written plea agreement, which appears to have been substantially similar to the one in this case, on which he indicated that he wished to proceed without counsel. *Id.* at ¶ 10-11. This court found that the defendant had been informed of his right to counsel multiple times and had indicated each time that he understood; therefore, there was nothing in the record to suggest that he was not aware of or did not understand his right to counsel. *Id.* at ¶ 12.

{¶ 12} We reach the same conclusion in the present appeal with respect to the plea hearing. Appellant was advised of his right to counsel in a general announcement before the hearing began. He was advised of the right to counsel again specifically and directly by the magistrate prior to entering the guilty plea, and appellant expressly indicated that he wished to proceed without counsel. Finally, the waiver of jury trial and guilty plea form indicated that appellant had a right to counsel, and he affirmatively indicated that he wished to proceed without counsel. Under these circumstances, we conclude that the trial court adequately advised appellant at the plea hearing regarding his right to counsel. Based on the transcript of the proceedings and the written waiver, we conclude that appellant made a knowing, voluntary, and intelligent waiver of his right to counsel at the plea hearing.

{¶ 13} Next, we consider whether appellant was properly advised and made a knowing, voluntary, and intelligent waiver of his right to counsel at the sentencing hearing. As noted above, the United States Supreme Court has held that a sentencing hearing is a "critical stage" of the criminal process at which a defendant is entitled to counsel. *Gardner* at 358. Citing decisions from federal circuit courts, the city argues that appellant's waiver of the right to counsel at the plea hearing remained in effect for all subsequent proceedings unless he explicitly revoked it or a substantial change of circumstances gave the court reason to renew its inquiry. However, the city does not cite to any Ohio court decisions adopting this standard. Assuming for purposes of analysis that appellant's waiver of the right to counsel at the plea hearing continued in effect at the beginning of the sentencing hearing, we will consider whether there were circumstances that should have led the trial court to renew its inquiry into whether appellant knowingly, voluntarily, and intelligently waived his right to counsel at the sentencing hearing.

{¶ 14} A judge of the environmental court conducted the sentencing hearing, rather than the magistrate, who had conducted the plea hearing. The sentencing hearing took place on November 19, 2013, almost three months after the plea hearing. Unlike the plea hearing, there was no discussion of appellant's right to counsel at the beginning of the sentencing hearing and no reference made to the fact that he was appearing without counsel. In addition, the trial court did not refer to appellant's prior waiver of the right to counsel at the plea hearing. The sentencing hearing began with a discussion of whether appellant was in compliance with the zoning code according to the terms of the plea agreement. After the court suggested that appellant was not in compliance, appellant made the first reference to an attorney:

> THE COURT: I don't want to do that, but this is what I want to do. It looks like this is your third or fourth time down here.
>
> THE DEFENDANT: This is my second time, Your Honor. One time when she made the deal with me, the prosecutor, and my attorney, you know, was in the back when I made the deal with her. And the attorney told me that it was a fair deal.
>
> * * *
>
> THE DEFENDANT: I have only been here twice. It doesn't make any difference, Your Honor. Like I say, the only thing,

there is this gentleman here that wasn't the one that made the deal with me, but I guess that doesn't make any difference.

If there's any way possible, I would like the attorney to come out here with me, if there's anything different than what I agreed to the last time I was here, and it wasn't this gentleman right here that made me the deal.

MR. SKINNER [Assistant City of Columbus Prosecutor]: Are you talking about prosecutor or defense attorney?

MS. MARTIN [Assistant City of Columbus Prosecutor]: I talked to him last time. I'm not sure what the conversation was.

THE DEFENDANT: The attorney was in the back room; she came out. I thought they talked, and the attorney told me she would give me a fair deal.

(Nov. 19, 2013 Tr. 4-5.)

{¶ 15} After further discussion of whether appellant was in compliance with the zoning code, the judge announced that he would impose a sixty-day term of imprisonment and suspend the jail term for one year of community control, on the condition that appellant have the property in compliance within one week and avoid any similar offenses during the term of community control.  After the judge announced the sentence, appellant again made a reference to an attorney:

THE DEFENDANT: You don't believe I should have my attorney here and I talk to George?

THE COURT: Did you have an attorney when you entered the guilty plea?

THE DEFENDANT: She was in the back. The young lady come out and told me what she was going to do, the $40 fine and whatnot. And the attorney was back there, and the attorney come out here and told me that she'd give me more than a fair deal. I mean, that's what I was expecting.

MS. MARTIN: Did you have an attorney on record?

THE DEFENDANT: I had an attorney on record.

MS. MARTIN: Was it a public defender?

THE DEFENDANT: Yes.

MS. MARTIN: Do you remember her name?

THE DEFENDANT: No.

THE COURT: I thought you were saying the prosecutor told you all that.

MS. MARTIN: According to our board sheet, he doesn't have an attorney.

THE DEFENDANT: I went to the public defender's office and that's who they appointed for me.

MS. MARTIN: Was the last court date your arraignment date?

THE DEFENDANT: I'm not for sure. She was back here.

THE CLERK: There is no attorney of record. He entered a not guilty back in March, then it was set for pretrial. There's no attorney of record.

THE COURT: There's no attorney back when the plea was done in August. You entered a guilty plea, and I don't see an attorney of record.

(Nov. 19, 2013 Tr. 7-8.) It appears that the sentencing hearing ended after this exchange because there is no further transcript of any proceedings.

{¶ 16} The city argues that "the attorney" to whom appellant referred was Ms. Shawnda Martin, the assistant city prosecutor who was present at the plea hearing and offered the plea agreement to appellant. Reading appellant's statements in context contradicts this interpretation. Ms. Martin was present in the courtroom for the sentencing hearing, yet appellant continued to refer to another individual as "the attorney," and suggested that this unnamed attorney was from the public defender's office. The transcript indicates that appellant believed he had consulted with an attorney prior to agreeing to the plea deal and entering his guilty plea.

{¶ 17} The transcript also reveals confusion on the part of appellant and the court as to whether appellant waived his right to counsel at the plea hearing. When asked at the sentencing hearing, appellant asserted that he had an attorney on record at the plea

hearing. Although the transcript of the plea hearing indicates that he clearly waived his right to counsel, appellant's response at the sentencing hearing suggests that he may have been confused about the role of "the attorney" at the plea hearing. Alternatively, appellant may simply have forgotten that he waived his right to counsel at the plea hearing. Further, it appears that the judge was unaware that appellant waived his right to counsel at the plea hearing, as demonstrated by his question, "Did you have an attorney when you entered the guilty plea?"

{¶ 18} The city argues that, to the extent appellant's comments constitute a request for counsel, they were made post-sentence and, therefore, the court was not required to rescind the sentence and permit appellant to obtain counsel. As explained above, however, the transcript indicates that appellant made his first reference to having spoken with an attorney at the plea hearing *prior* to the judge announcing the sentence. The city also asserts that appellant failed to make a clear and unambiguous request for counsel at the sentencing hearing. In support of this argument, the city cites the United States Supreme Court's decision in *Davis v. United States*, 512 U.S. 452 (1994). The *Davis* decision held that a criminal suspect undergoing police interrogation must unambiguously request counsel and that an ambiguous or equivocal reference to an attorney does not require the interrogation to cease. *Id.* at 459. However, it is important to note that *Davis* involves the right to counsel in the context of police interrogation of a suspect, not the right to counsel in a judicial proceeding. Moreover, this court has previously held that waiver of the right to counsel in a judicial proceeding requires a clear and unequivocal assertion of the right to self-representation in order to protect against inadvertent waiver of the right to counsel by a defendant. *Haines* at ¶ 25.

{¶ 19} In this case, the trial court did not advise appellant at the sentencing hearing regarding his right to counsel and did not confirm whether appellant wished to proceed without counsel. Similarly, the trial court did not remind appellant of his earlier waiver of the right to counsel. The record indicates that the trial court may have been unaware when the sentencing hearing began that appellant had waived his right to counsel at the plea hearing. Appellant expressed confusion about the role of "the attorney" with whom he claimed to have spoken at the plea hearing. At any point during the sentencing hearing, the trial court could have explained appellant's right to counsel and

clarified whether appellant wished to proceed without counsel. In light of the presumption against waiver of a constitutional right, we conclude that, under the facts and circumstances presented in this case, the trial court failed to adequately advise appellant regarding his right to counsel at the sentencing hearing and failed to determine whether appellant knowingly, voluntarily, and intelligently waived that right. *See State v. Peffer*, 9th Dist. No. 2003-Ohio-5615, ¶ 4-7 (in a case where the defendant pled no contest to two charges while represented by counsel and then had counsel withdraw on the day prior to sentencing, appellate court held that trial court failed to advise the defendant of his right to counsel at sentencing or make any effort to determine if the defendant had knowingly, intelligently, and voluntarily waived counsel at sentencing).

{¶ 20} Based on the record in this case, we conclude that the trial court adequately advised appellant regarding his right to counsel at the plea hearing and that appellant knowingly, intelligently, and voluntarily waived his right to counsel at the plea hearing. However, the trial court did not advise appellant regarding his right to counsel at the sentencing hearing, and the transcript does not support a conclusion that appellant knowingly, intelligently, and voluntarily waived his right to counsel at the sentencing hearing. Accordingly, we overrule appellant's first assignment of error and sustain in part and overrule in part his second assignment of error.

{¶ 21} In his third assignment of error, appellant asserts that the trial court imposed an unlawful sentence by imposing a period of incarceration suspended for community control when appellant had not made a knowing, intelligent, and voluntary waiver of counsel and was not represented by counsel at the sentencing hearing. Crim.R. 44(B) provides that, when a defendant charged with a petty offense lacks counsel, "no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." We conclude that appellant knowingly, intelligently, and voluntarily waived his right to counsel at the plea hearing before entering a guilty plea. However, the trial court failed to properly determine whether appellant knowingly, intelligently, and voluntarily waived his right to counsel at the sentencing hearing. The trial court sentenced appellant to a sixty-day term of incarceration, suspended for one year of community control, as well as a $100 fine and court costs. Pursuant to Crim.R. 44(B), because appellant lacked counsel and had

not knowingly, intelligently, and voluntarily waived his right to counsel at the sentencing hearing, the trial court could not impose a sentence of imprisonment. Therefore, we reverse, set aside the sentence, and remand for resentencing. *See Peffer* at ¶ 7.

{¶ 22} Accordingly, we sustain appellant's third assignment of error.

{¶ 23} For the foregoing reasons, we overrule appellant's first assignment of error, sustain in part and overrule in part his second assignment of error, and sustain his third assignment of error. We reverse the judgment of the Franklin County Municipal Court, Environmental Division, and remand this matter to that court for resentencing in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded for resentencing.*

KLATT and LUPER SCHUSTER, JJ., concur.

_____