[Cite as *Brecksville v. Grabowski*, 2017-Ohio-7885.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 104973

---

# CITY OF BRECKSVILLE

### PLAINTIFF-APPELLEE

vs.

# JASON GRABOWSKI

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Criminal Appeal from the
Garfield Heights Municipal Court
Case No. CRB 1600693

**BEFORE:** Kilbane, P.J., Boyle, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 28, 2017

**ATTORNEY FOR APPELLANT**

Paul V. Wolf
Paul V. Wolf Co.
50 Public Square, Suite 920
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Sergio I. DiGeronimo
Prosecutor, City of Brecksville
8748 Brecksville Road, Suite 216
Brecksville, Ohio 44141

MARY EILEEN KILBANE, P.J.:

{¶1} Defendant-appellant, Jason Grabowski ("Grabowski"), appeals the trial court's denial of his motion to withdraw his no contest plea. For the reasons set forth below, we reverse and remand.

{¶2} Grabowski and his girlfriend, Janice Malishefski ("Malishefski") were both charged with one count of first-degree misdemeanor assault in Garfield Heights Municipal Court. These assault charges stemmed from an alleged physical confrontation between Grabowski and Malishefski over a text message Grabowski received, which Malishefski thought was from another woman. They each made separate 911 calls to report the other for assault.

{¶3} On April 4, 2016, Grabowski, without the benefit of counsel, entered a no contest plea to an amended charge of disorderly conduct, a fourth-degree misdemeanor. On the same day, he was sentenced to 30 days in jail, which the court suspended, fined $150, assessed court costs, and was placed on one year of inactive probation.

{¶4} On April 29, 2016, Grabowski filed a motion to vacate or withdraw his no contest plea and sentence under Crim.R. 32.1. The trial court ordered briefing on Grabowski's motion and scheduled a hearing. The court held a hearing and denied Grabowski's motion.

{¶5} It is from this judgment that Grabowski now appeals, raising the following assignment of error for review.

Assignment of Error

The trial court abused its discretion in failing to correct a manifest injustice by denying [Grabowski's] motion to withdraw his formerly entered [no contest] plea.

{¶6} In May 2017, we sua sponte ordered the parties to address the issue of the trial court's acceptance of Grabowski's no contest plea without first advising him of his right to counsel and obtaining his waiver of counsel. In the supplemental brief on this issue, Grabowski raises the following additional assignment of error:

Supplemental Assignment of Error

The trial court erred to the prejudice of [Grabowski] in accepting his plea of [no contest] prior to advising him of his right to counsel so that his [no contest] plea was not knowing, intelligent and voluntary.

{¶7} We will first consider Grabowski's supplemental assignment of error because we find it dispositve of this appeal. While the parties were ordered to brief the issue of the trial court's failure to advise Grabowski of his right to counsel prior to accepting his no contest plea, both of the parties addressed whether the trial court complied with Crim.R. 11(E). We also note that Grabowski did not directly appeal his conviction and sentence, but rather filed a postsentence motion to withdraw his plea with the trial court within the time frame that he could have filed a direct appeal.

{¶8} In this supplemental assignment of error, Grabowski argues the trial court erred in failing to advise him of his right to counsel prior to taking his uncounseled plea. Grabowski also argues that "there was not * * * substantial compliance with the requirements of [Crim.R. 11]" and "it appears there was no compliance [with Crim.R. 11] at all" when the trial court accepted his plea. We agree that the trial court erred in accepting his uncounseled no contest plea without first advising him of his right to counsel and obtaining his written waiver of counsel on the record. We also find that his plea is invalid because the trial court failed to advise him of the effect of his no contest plea as required by Crim.R. 11(E).[1]

{¶9} Crim.R. 32.1 provides that "to correct manifest injustice[,] the court may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A "manifest injustice" is defined as a clear or openly unjust act. *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 1998-Ohio-271, 699 N.E.2d 83. We review a trial court's denial of a postsentence motion to withdraw a plea under an abuse of discretion standard. *State v. Alford*, 8th Dist. Cuyahoga No. 93911, 2010-Ohio-4130, ¶ 11.

{¶10} It is undisputed that Grabowski's fourth-degree disorderly conduct conviction is a petty offense. The Ohio Supreme Court has clarified that before

---

[1] Although Grabowski arguably could have raised the magistrate's failures to advise him of the effect of his plea and his right to counsel on direct appeal, these failures are not mere procedural deficiencies, but directly relate to whether his plea was knowingly, voluntarily, and intelligently made. We have previously held that a trial court abuses its discretion and commits reversible error in denying a defendant's motion to withdraw his petty misdemeanor no contest plea where he did not file a direct appeal, but the record of the plea hearing shows that the defendant was not advised of the

accepting a plea to a petty misdemeanor offense under Crim.R. 11(E), the trial judge must inform the defendant of the information contained in Crim.R. 11(B)(2). *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 27-28.

{¶11} Ohio Crim.R. 11(E) sets forth the requisite notice to be given to a defendant at a plea hearing on a petty offense. It provides that

> [i]n misdemeanor cases involving petty offenses[,] the court may refuse to accept a plea of guilty or no contest, and *shall not* accept such a plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty.

> The counsel provisions of Crim.R. 44(B) and (C) apply to division (E) of this rule.

(Emphasis added.) *Id.*

{¶12} Crim.R. 11(B)(2) defines the effect of a no contest plea as follows:

The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

{¶13} This court has previously held that a trial court's failure to make any mention of the language of Crim.R. 11(B)(2) regarding the effect of a no contest plea to a petty misdemeanor offense is a complete failure to comply with Crim.R. 11(E), requiring the plea to be vacated. *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032, ¶ 45-46. We reached this conclusion based on the Ohio Supreme

---

effect of his plea. *Solon v. Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815.

Court's holding in *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462.

**{¶14}** In *Clark*, the Ohio Supreme Court instructed that

> [w]hen the trial judge does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. * * * The test for prejudice is "whether the plea would have otherwise been made." * * * If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. * * * "A complete failure to comply with the rule does not implicate an analysis of prejudice."

(Internal citations omitted.) *Id.* at ¶ 32.

**{¶15}** Here, the record reveals that neither the magistrate nor the plea forms made any mention of the effect of Grabowski's no contest plea as required by Crim.R. 11(E).[2] The forms executed by Grabowski without the benefit of counsel at his arraignment and at his plea hearing do not contain the language of Crim.R. 11(B)(2) and do not mention the effect of his no contest plea. Moreover, at Grabowski's plea hearing, the magistrate did not make a finding of guilt, but rather treated Grabowski's no contest plea as if it were a guilty plea and proceeded directly to sentencing. Because the trial court failed to comply with Crim.R. 11(E) as it applies to Grabowski's no contest plea, a prejudice analysis is not necessary. *Clark* at ¶ 32; *Buckwald* at ¶ 45.

---

[2] Crim.R. 19 authorizes magistrates to accept and enter no contest pleas in misdemeanor cases, provided the requirements of Crim.R. 11 are met. *Bollin-Booth*, 8th Dist. Cuyahoga No. 97099, 2012-Ohio-815, ¶ 20.

**{¶16}** Accordingly, Grabowski's plea must be vacated.

**{¶17}** Additionally, the record does not affirmatively demonstrate that the court obtained a valid waiver of Grabowski's right to counsel prior to accepting his no contest plea.

**{¶18}** Crim.R. 44 governs appointment of counsel. It provides, in relevant part:

> (B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, *no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.*

> (C) Waiver of counsel. *Waiver of counsel shall be in open court* and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

(Emphasis added.) *Id.*

**{¶19}** We have held that "[t]he requirements of the Criminal Rules are mandatory; *all waivers of counsel must be made in open court and must be recorded*." (Emphasis added.) *Garfield Hts. v. Brewer,* 17 Ohio App.3d 216, 217, 479 N.E.2d 309 (8th Dist.1984), citing *State v. Haag*, 49 Ohio App.2d 268, 270, 360 N.E.2d 756 (9th Dist.1976). "[C]ourts induldge every reasonable presumption against a waiver of fundamental constitutional rights[;] * * * that waiver must affirmatively appear on the record." (Internal citations omitted.) *Brewer.* The burden is on the city to demonstrate a valid waiver of constitutional rights. *Id.* at 218, citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

**{¶20}** We note that the right to counsel attaches at all "critical stages" of the criminal process. *Columbus v. Abrahamson*, 10th Dist. Franklin No. 13AP-1077, 2014-Ohio-3930, ¶ 5. A plea hearing is a critical stage of the criminal process at which the right to counsel applies. *Id.* "'The entry of a guilty plea, whether to a misdemeanor or a felony charge, ranks as a 'critical stage' at which the right to counsel adheres.'" *Id.*, quoting *Iowa v. Tovar*, 541 U.S. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *Garfield Hts. v. Williams*, 8th Dist. Cuyahoga No. 102279, 2016-Ohio-381, ¶ 11, citing *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus.

**{¶21}** A review of the record reveals that it was not until *after* Grabowski entered his no contest plea that the magistrate attempted to attain Grabowski's waiver of counsel.

> THE COURT: All right. Having said all that, Mr. Grabowski, how do you want to plea to the amended charge of disorderly conduct, a misdemeanor of the fourth degree?
>
> [GRABOWSKI]: No contest, your Honor.
>
> * * *
>
> THE COURT: All right. I'm handing you guys [referring to Grabowski and Malishefski] a plea form _ or a change of plea form, I should say. And it basically says you're changing your plea to no contest, that you're a United States Citizen.
>
> [GRABOWSKI]: Yes.

THE COURT:   You waive your right to be represented by a lawyer, and consent to me hearing it instead of the judge.   Okay? Excuse me.   This is for [Grabowski].   And this is for [Malishefski].   You both want to sign that.   It's just one page, front of the _ or front of the page only, you sign. Thank you, sir.

[GRABOWSKI]:   Sure.

Here, Grabowski was initially given the incorrect change of plea form and was not provided with the form the court uses for pleas taken by a magistrate until after he made his plea.   The change of plea and waiver of rights form that Grabowski signed on the magistrate's instruction did contain a waiver of his right to counsel, but it is clear from the record that this form was not executed until after he had made his plea.

{¶22} Accordingly, the magistrate violated Grabowski's right to counsel by proceeding with his plea hearing prior to obtaining his waiver of counsel on the record. Therefore, the imposition of the 30-day suspended jail sentence was in violation of Crim.R. 44(B).

{¶23} We do not find that Grabowski knowingly, voluntarily, and intelligently entered his no contest plea in light of the court's failure to advise him of the effect of his plea and to make sufficient inquiry into whether he knowingly, voluntarily, and intelligently waived his right to counsel prior to accepting his plea.

{¶24} Grabowski's supplemental assignment of error is sustained.

{¶25} In light of our finding as to Grabowski's supplemental assignment of error, we overrule his first assignment error as moot.   App.R. 12(A)(1)(c).

{¶26} Judgment is reversed and the case is remanded with instructions to vacate

Grabowski's plea.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Garfield

Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

MARY J. BOYLE, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (SEE SEPARATE DISSENTING OPINION)

SEAN C. GALLAGHER, J., DISSENTING:

**{¶27}** I respectfully dissent. After oral argument, we directed the parties "to address the issue of the trial court's acceptance of Grabowski's guilty plea without first advising Grabowski of his right to counsel." The city responded by referencing Grabowski's March 30, 2016 signed acknowledgment of being advised in open court of his right to be represented by an attorney in the proceeding. The change of plea hearing occurred on April 4, 2016, and therefore, the city satisfied any concern with respect to notifying Grabowski of his right to counsel before he pleaded no contest to the charges.

**{¶28}** At the change of plea hearing, the trial court went through most of Grabowski's rights a second time before orally asking for his plea — the trial court had

inadvertently missed the right to counsel. Immediately after Grabowski announced his intention to plead no contest, however, the trial court handed him a "change of plea" form, which detailed all the rights Grabowski sacrificed in pleading no contest, and the trial court orally advised Grabowski of his right to counsel. Grabowski signed the form, formally pleaded no contest, and acknowledged for at least the second time in writing that he had been advised of his right to counsel. He also affirmatively waived his right to counsel.

{¶29} During the hearing on his motion to withdraw the plea, Grabowski conceded that he was not challenging any procedural aspects of the change of plea hearing. Tr. 5:17-23. This would include a concession as to whether Grabowski was advised of the effects of the no-contest plea. Thus, the only issue preserved was Grabowski's uncounseled plea. *Id.* Grabowski claimed that had he retained counsel, the attorney would have conducted discovery to find that the allegations in the complaint were unfounded. Evidently, the other person involved in the scuffle that led to the disorderly conduct charge recanted after Grabowski pleaded no contest. The trial court concluded that Grabowski was aware of what occurred during the incident giving rise to the complaint and, therefore, Grabowski failed to demonstrate a manifest injustice. The trial court correctly defined "manifest injustice" as a fundamental flaw in the proceedings, which results in a miscarriage of justice. *State v. Lintner*, 7th Dist. Carroll No. 732, 2001-Ohio-3360, *7, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

**{¶30}** Our review is limited to determining whether the trial court abused its discretion by overruling a post-sentence motion to withdraw a plea. *State v. Lopez*, 10th Dist. Franklin No. 16AP-478, 2017-Ohio-4048, ¶ 8. When a convicted offender files a motion to withdraw a plea after the sentence is imposed, a trial court is required to determine whether withdrawing the plea would correct a manifest injustice. *Id.* at ¶ 7. The majority does not find error with the denial of the motion to withdraw the plea, but instead finds error in the trial court accepting the no contest plea because it was not voluntarily, knowingly, or intelligently entered. In other words, the majority is applying the standard of review for an offender seeking to withdraw his plea before the sentence is imposed. *See, e.g., State v. Small*, 8th Dist. Cuyahoga No. 104813, 2017-Ohio-110, ¶ 12. We need not address whether the plea was knowingly, voluntarily, and intelligently entered. The issue before this court is whether the trial court abused its discretion in finding that Grabowski failed to demonstrate a manifest injustice under Crim.R. 32.1.

**{¶31}** The record demonstrates that Grabowski was properly advised of his right to counsel and affirmatively waived that right. Crim.R. 32.1; *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 8. Further, Grabowski conceded that there were no flaws in the change of plea proceeding. A defendant can only establish a manifest injustice in "extraordinary cases." *Smith* at 264. "The standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment." *Id.*, citing *Kadwell v. United States*, 315 F.2d 667, 670 (9th Cir.1963);

*State v. Godwin*, 8th Dist. Cuyahoga No. 103224, 2016-Ohio-117, ¶ 12 (recognizing that defendants should not be encouraged to tentatively plead guilty in order to test the consequences of that decision), citing *State v. Britton*, 8th Dist. Cuyahoga No. 98158, 2013-Ohio-99.

**{¶32}** Although I sympathize with Grabowski's change of heart, in large part because of his realizing the practical effects of a conviction (he was supposedly fired from his job because of it), we cannot condone the practice of allowing defendants the opportunity to plead to lesser charges to first test the consequences before deciding whether to abide with the plea deal. *Godwin* at ¶ 12. This is not an extraordinary circumstance, nor has Grabowski explained how it could be considered as such. Grabowski acknowledged his being advised of all the rights he sacrificed in pleading no contest on at least two occasions, and on a third occasion, the trial court orally advised him of all but his right to counsel, before the change of plea was formally entered. Further, Grabowski conceded that there were no procedural flaws in the change of plea process. There is no manifest injustice, and I would affirm.