JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Matthew Jones ("defendant"), appeals from a judgment of the Cleveland Heights Municipal Court which found him guilty of keeping more than two dogs at his residence. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} A review of the record reveals the following: On October 22, 2004, at approximately 11:15 a.m., Cleveland Heights Police Officer Sean Hinkle ("Officer Hinkle") received a complaint that three dogs were being housed at 3821 Severn Road, Cleveland Heights, Ohio. After speaking with defendant, and learning that three dogs were in fact present on the property, Officer Hinkle cited defendant for having more than two animals, a violation of Section 505.02(a) of the Codified Ordinances of the City of Cleveland Heights.
 {¶ 3} A bench trial was held on April 7, 2005. At trial, Officer Hinkle testified that he is the Dog Warden for the City of Cleveland Heights. He testified that he spoke with defendant on October 22, 2004 and advised him of the nature of the complaint. He testified that he did not see the three dogs present at the home but that the defendant admitted that there were three dogs inside the house. He stated that defendant told him that two of the dogs were his and one dog was "visiting" with his daughter. Officer Hinkle testified that he had visited the defendant's home on about ten different occasions but had actually only spoken with defendant on one prior occasion for the same complaint and had actually seen the three dogs on the premises at that time. Defendant did not testify in his own behalf.
 {¶ 4} Defendant's motion for acquittal was denied by the trial court and defendant was found guilty of the alleged offense and fined $50. The trial court also stated the following, in pertinent part:
 {¶ 5} "* * * based on the testimony that I've heard, there is nothing to suggest to me that this dog is not present each and every day. Although the charge relates to this one specific day that Officer Hinkle was out there on the premises on October 22nd, the reality is that every time he's been there, according to his testimony, the dog has either been there, or it has been acknowledged that the dog was present by the defendant. And in this Court's opinion, that does constitute keeping the dog because even with respect to the case you provided that does refer to giving a dog shelter, and if the dog was there as frequently as has been testified, it might have been (inaudible) sheltering the dog even if it's only for during the day while the daughter was at work or something. So I do believe that is a violation of the ordinance." (Tr. 16-17).
 {¶ 6} Defendant now appeals the trial court's judgment and raises one assignment of error for our review.
 {¶ 7} "I. The trial court erred in finding appellant Matthew Jones guilty of violating Section 505.02(a) of the Codified Ordinances of the City of Cleveland Heights."
 {¶ 8} In this assignment of error, defendant challenges the adequacy of the evidence presented at trial. Specifically, defendant claims that since Section 505.02(a) of the Codified Ordinances of the City of Cleveland Heights does not define the word "kept," his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.
A. Statutory Interpretation of § 505.02(a)
 {¶ 9} Defendant was charged with a violation of C.H.C.O. §505.02(a), which prohibits more than two dogs being "kept" at a single-family residence. Defendant contends that this ordinance is ambiguous and that the absence of a definition for the term "kept" requires this Court to interpret § 505.02(a) in his favor.
 {¶ 10} The interpretation of a statute is a question of law subject to de novo review. Neiman v. Donofrio (1992),86 Ohio App.3d 1, 3. In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. State v.S.R. (1992), 63 Ohio St.3d 590, 594. To determine the legislative intent, a court must look to the language of the statute. Provident Bank v. Wood (1973), 36 Ohio St.2d 101, 104. Words used in a statute are to be taken in their usual, normal, and customary meaning. State ex rel. Pennington v. Gundler
(1996), 75 Ohio St.3d 171, 173. Further, unless a statute is ambiguous, the court must give effect to the plain meaning of a statute. Id. When a court must interpret a criminal statute, which defines offense or penalties, the language should be strictly construed against the State and liberally construed in favor of the accused. R.C. 2901.04(A); State v. Hill (1994),70 Ohio St.3d 25, 31.
 {¶ 11} Here, we find no ambiguity in the language of §505.02(a). While defendant contends that a "kept" dog requires the element of permanency or indefiniteness and not merely a temporal presence, Webster's Ninth New Collegiate Dictionary(Merriam-Webster Inc., 1987) has defined to "keep" as: "to conform in habits or conduct; to watch over and defend; to maintain; to cause to remain in a given place, situation, or condition; to control; or to manage." Accordingly, the "usual, normal and customary" meaning of the word does not have any time duration or essence of permanency as the defendant argues.
 {¶ 12} Moreover, this Court has previously addressed this issue in Buettner v. Beasley, Cuyahoga App. No. 83271,2004-Ohio-1909, when it stated the following, in pertinent part: "A keeper of a dog is a person who has the duty to manage, care or control the dog temporary or otherwise, even though he or she does not own it."
B. Sufficiency of Evidence
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 14} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 15} Defendant was convicted of "keeping" more than two dogs in violation of C.H.C.O. § 505.02(a). When viewed in a light most favorable to the State, the record contains sufficient evidence that defendant "kept" more than two dogs at his residence and the trial court properly denied his motion for acquittal.
 {¶ 16} At trial, Officer Hinkle testified that during the October 22, 2004 visit, defendant admitted that three dogs were present at his home. Officer Hinkle also testified that he had been to defendant's residence on one prior occasion when defendant was present and the same three dogs were present.
 {¶ 17} When this evidence is viewed in the light most favorable to the State, the court could find that defendant "kept" three dogs as prohibited under § 505.02(a). Even though he may not have owned the third dog, which was present at his house, he did have care and control over it. See Buettner v. Beasley,
supra. Thus, this Court concludes that any rational trier of fact could have found the essential elements of § 505.02(a) proven beyond a reasonable doubt.
Defendant's arguments to the contrary must fail.
C. Manifest Weight
 {¶ 18} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 19} Here, the trial court heard Officer Hinkle testify that he had visited defendant's home on numerous occasions; that there were three dogs present on a prior occasion; and that defendant admitted that there were three dogs present on October 22, 2004, the date the citation was issued. Under these circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome his manifest weight argument.
 {¶ 20} Upon careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in finding that defendant had violated the maximum number of dogs permitted in a Cleveland Heights residence. We find there to be substantial, competent, and credible evidence upon which the trial court could base its decision that defendant "kept" three dogs at his residence.
 {¶ 21} Defendant's sole assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Calabrese, Jr., J., concur.