[Cite as *Garfield Hts. v. Williams*, 2016-Ohio-381.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 102279

---

**CITY OF GARFIELD HEIGHTS**

PLAINTIFF-APPELLEE

vs.

**ROBERT S. WILLIAMS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED IN PART AND
REVERSED IN PART

---

Criminal Appeal from the
Garfield Heights Municipal Court
Case No. CRB-1402187

**BEFORE:** E.A. Gallagher, P.J., Kilbane, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** February 4, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY: Sarah E. Gatti
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Patrick J. Cooney
Garfield Heights Prosecutor
5407 Turney Road
Garfield Heights, Ohio 44125

EILEEN A. GALLAGHER, P.J.:

{¶1} Defendant-appellant Robert Williams appeals his misdemeanor conviction from Garfield Heights Municipal Court for violating that city's ordinance against harboring pit bull dogs. Williams argues that the trial court violated his Sixth Amendment right to counsel and that the city failed to present sufficient evidence to support his conviction. For the following reasons, we reverse in part and affirm in part.

**Facts and Procedural Background**

{¶2} Williams was cited with one count of violating Garfield Heights Municipal Ordinances 505.215(A) that states that "[n]o person shall own, keep, harbor or have on public or private property a pit bull dog" as defined by the ordinance. A violation of the ordinance is a third-degree misdemeanor.

{¶3} Williams entered a plea of not guilty and signed an "Entry of plea and acknowledgment of rights" form wherein he acknowledged that he had been advised in open court of various rights including his right to be represented by a lawyer, his right to a reasonable continuance to obtain a lawyer and his right to have a lawyer appointed for him if he was unable to afford one. The record contains no further mention of Williams' right to counsel and the case proceeded to a bench trial where the following facts were elicited.

{¶4} On August 13, 2014, two pit bulls entered Aisha Crawford's backyard from Christine Yancey's yard through a hole in a fence separating the two properties. The pit bulls attacked and injured Crawford's dog before they were restrained and recovered by Williams. The evidence revealed that the pit bulls were owned by Yancey's partner who frequently stays at Yancey's home and brings her pit bulls to the home. Williams is Yancey's uncle. He resides in Yancey's home and he assists in caring for Yancey's children.

**{¶5}** Crawford testified that the pit bulls are at Yancey's home "all the time" and she has observed Williams as their "primary caretaker" who takes them outside. Williams conceded that he is asked to take the pit bulls outside. At the time of the incident, Yancey and her partner had earlier left the home leaving Yancey's two children and the pit bulls in Williams' care. Williams responded to retrieve the pit bulls when one of Yancey's children informed him they had escaped. Following the incident, Yancey's partner removed the pit bulls from the home.

**{¶6}** The trial court found Williams guilty of violating Garfield Heights Ordinances 505.215(A) and imposed a 60-day jail term with all 60 days suspended. The trial court ordered Williams to pay Crawford restitution in the amount of $1,354.16, imposed one year of community control sanctions requiring "active reporting" and prohibited Williams from harboring pit bulls or other dangerous animals within the city.

**Law and Analysis**

**Right to Counsel**

**{¶7}** In his first assignment of error, Williams argues that the trial court violated his Sixth Amendment right to counsel by failing to obtain a valid waiver of counsel.

**{¶8}** Included in the trial court's record for this case is a document, not identified by a case caption or case number, dated August 27, 2014, and ostensibly signed by Williams. This document is captioned "ENTRY OF PLEA AND ACKNOWLEDGMENT OF RIGHTS" and includes the following language:

> The undersigned further acknowledges that he/she has been advised in open court of the following:
>
> 1. My right to a trial, including my right to trial by jury if the offense(s) charged is (are) more serious than a minor misdemeanor;
>
> 2. My right to be represented by a lawyer;

3. My right to have a reasonable continuance to obtain a lawyer;

4. My right to have a lawyer appointed for me if I am unable to afford a lawyer; * * *.

{¶9} The Sixth and Fourteenth Amendments to the United States Constitution guarantee that persons brought to trial in any state or federal court must be afforded the right to the assistance of counsel before they can be validly convicted and punished by imprisonment. *See Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In some cases, defendants choose to forgo that right and represent their own interests before a criminal tribunal. That is also their right under the constitutions of this state and this nation. *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996), citing *Faretta v. California*, 422 U.S. 806, 821, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). "If a trial court denies the right to self-representation, when properly invoked, the denial is per se reversible error." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, 772 N.E.2d 81, ¶ 32, citing *Reed*.

{¶10} When defendants manage their own defense, however, they relinquish, "as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Faretta* at 834. For this reason, in order to represent themselves, defendants must "knowingly and intelligently" forgo those relinquished benefits. *Id*. at 835. Although defendants do not need to have the skill and experience of a lawyer to competently and intelligently choose self-representation, they should be made aware of the dangers and disadvantages of self-representation, so that the record establishes that they know what they are doing and their "choice is made with eyes open." *Id*.

**{¶11}** To establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. Crim.R. 44(A) also provides that a defendant is entitled to counsel "unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." To be valid, a waiver of the right to counsel must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 40.

**{¶12}** In the context of petty offenses, Crim.R. 44 provides in relevant part:

(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

**{¶13}** Therefore, pursuant to Crim.R. 44 and 22, the waiver of counsel must take place in open court, must be recorded, and in cases of serious offenses, the waiver must be in writing. *See State v. Mascaro,* 81 Ohio App.3d 214, 216, 610 N.E.2d 1031 (9th Dist.1991); *Garfield Hts. v. Brewer*, 17 Ohio App.3d 216, 217, 479 N.E.2d 309 (8th Dist.1984).

{¶14} A petty offense is defined as "a misdemeanor other than a serious offense." Crim.R. 2(D). A serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Pursuant to R.C. 2929.24(A)(3), the maximum term of imprisonment for a misdemeanor of the third degree is "not more than sixty days." Therefore, the charge against Williams was a petty offense governed by Crim.R. 44(B) and (C).

{¶15} In this instance no waiver of counsel was obtained from Williams. The city argues that Williams waived his right to counsel by signing the above quoted acknowledgment of rights form and through which he entered a not guilty plea. However, it is a basic premise of the law that waivers of constitutional rights are not presumed; in fact, we engage in every reasonable presumption against the waiver of rights. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. The word "waive" or any derivation thereof does not appear on the acknowledgment of rights form at all. This court has refused to find a waiver of counsel under nearly identical circumstances. *State v. Coleman*, 8th Dist. Cuyahoga. No. 99369, 2013-Ohio-4792, ¶ 7-11. As in *Coleman*, the acknowledgment of rights form in this instance was insufficient to constitute a waiver of Williams' right to counsel.

{¶16} Despite the lack of a valid waiver the city argues that Williams' Sixth Amendment rights were not violated because the trial court did not impose a sentence of imprisonment. The United States Supreme Court has held that the right to counsel in misdemeanor cases attaches only in cases leading to "actual imprisonment." *Alabama v. Shelton*, 535 U.S. 654, 661, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002); *Scott v. Illinois*, 440 U.S. 367, 373-374, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); *Argersinger v. Hamlin*, 407 U.S. 25, 33, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). This court has held that a trial court's failure to obtain a valid waiver of counsel in a petty offense

case prevents the trial court from imposing a sentence on the defendant but does not vacate the entire conviction. *Parma v. Wiseman*, 8th Dist. Cuyahoga No. 102404, 2015-Ohio-4983, ¶ 13, citing *Lyndhurst v. Di Fiore*, 8th Dist. Cuyahoga No. 93270, 2010-Ohio-1578. This interpretation is consistent with the wording of Crim.R. 44(B) that states that a trial court "may" assign counsel where a defendant charged with a petty offense is unable to obtain counsel but is barred from imposing a sentence of confinement without obtaining a waiver of counsel.

{¶17} However, in *Shelton*, the United States Supreme Court held that a suspended term of imprisonment, contingent on compliance with probation, constitutes a prison term imposed for the offense of conviction and must be treated as actual imprisonment. *Shelton* at 662. In *Lakewood v. McDonald*, 8th Dist. Cuyahoga No. 84465, 2005-Ohio-394, this court held that the imposition of community control sanctions, the violation of which could lead to the possibility of jail time, was the functional equivalent of the suspended sentence in *Shelton*. *Id*. at ¶ 10. Because the trial court did not advise McDonald of his right to counsel or properly obtain McDonald's waiver of that right, we vacated the community control sanction. *Id*. at ¶ 11. Importantly, we held that the remaining sanctions imposed by the court in *McDonald* remained unaffected by the violation of the right to counsel. *Id*. at ¶ 11; *see also State v. Boughner*, 11th Dist. Geauga No. 98-G-2161, 1999 Ohio App. LEXIS 6116, *26 (Dec. 17, 1999).

{¶18} Therefore, we conclude that the trial court's imposition of the suspended jail term and corresponding community control sanction where Williams was not represented by counsel and a valid waiver was not obtained violated Crim.R. 44(B) and Williams' Sixth Amendment right to counsel. Consistent with *McDonald* and *Wiseman*, we vacate only these sanctions and note that the conviction and the trial court's order of restitution remain valid.

{¶19} Williams' first assignment of error is sustained in part, and overruled in part.

**Sufficiency of the Evidence**

{¶20} In his second assignment of error, Williams argues that his conviction was not supported by sufficient evidence.

{¶21} This court has said that, in evaluating a sufficiency of the evidence argument, courts are to assess not whether the state's evidence is to be believed but whether, if believed, the evidence against a defendant would support a conviction. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry then is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

{¶22} Garfield Heights Municipal Ordinances 505.215(A) provides that: "[n]o person shall own, keep, harbor or have on public or private property a pit bull dog." Williams argues that the city failed to establish the elements of "keep," "harbor" or "have" and that the state failed to demonstrate that the dogs involved in this incident were "pit bulls." We find no merit to the latter argument. Williams conceded at trial that at least one of the two dogs was a pit bull and repeatedly referred to them as such.

{¶23} We also find that the city presented sufficient evidence to establish that Williams was a keeper of the pit bulls. This court has previously stated that "'[a] keeper of a dog is a person who has the duty to manage, care or control the dog temporary or otherwise, even though he or she does not own it.'" *Cleveland Hts. v. Jones*, 8th Dist. Cuyahoga No. 86313, 2006-Ohio-454, ¶ 12, quoting *Buettner v. Beasley*, 8th Dist. Cuyahoga No. 83271, 2004-Ohio-1909, ¶ 14. Here, Crawford's testimony established that Williams routinely cared for the pit bulls such that she described him as the "primary caretaker" who would take them outside.

Williams conceded that he would take the dogs outside. Williams was responsible for the pit bulls at the time of the incident and retrieved them when they escaped. When this evidence is viewed in the light most favorable to the city, the court could find that defendant qualified as a keeper of the pit bulls. Therefore, we find that the city presented sufficient evidence to support Williams' conviction for violating Garfield Heights Municipal Ordinance 505.215(A).

**{¶24}** Williams' second assignment of error is overruled.

**{¶25}** The judgment of the trial court is affirmed in part and reversed in part. Williams' suspended jail term and community control sanctions are vacated. Williams' restitution obligation remains in effect.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issues out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
TIM McCORMACK, J., CONCUR