[Cite as *State v. Wamsley*, 2016-Ohio-2885.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-COA-030 |
| STEPHEN WAMSLEY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I ON |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland Municipal Court, Case No. 15-CR-B-446

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      May 5, 2016

APPEARANCES:

For Plaintiff-Appellee

DAVID M. HUNTER
Prosecuting Attorney
244 West Main Street
Loudonville, OH 44842

For Defendant-Appellant

WARNER MENDENHALL
190 North Union Street, Ste. 201
Akron, OH 44304

*Gwin, J.,*

{¶1} Appellant Stephen M. Wamsley ["Wamsley"] appeals his conviction and sentence after a jury trial in the Ashland Municipal Court.

*Facts and Procedural History*

{¶2} On April 28, 2015, Wamsley was arraigned in the Ashland Municipal Court on one count of assault, in violation of R.C. 290113(A) for allegedly spraying Ramona Lee ["Lee"] with Febreeze on March 24, 2015, causing her to seek medical attention. The Court explained the charge and the maximum possible penalties to Wamsley. The Court then inquired whether he spoke to an attorney. Wamsley indicated that he had, but would proceed without an attorney. He then entered a not guilty plea on the record. Before setting future court dates, the Court explained Wamsley's speedy trial rights to him.

{¶3} A pretrial was held on May 12, 2015. The Court asked Wamsley if he was represented by an attorney, to which he replied that he was not. The Court then stated that it did not want to discourage Wamsley from representing himself, but then proceeded to advise him regarding the potential adverse use of any statements about the case that Wamsley may make in Court on the record. The Court then had a dialogue with Wamsley concerning Wamsley's denial of the charge. The Court then set a trial date and instructed Wamsley how to obtain discovery and make a jury demand.

{¶4} A jury trial commenced on June 11, 2015. Wamsley was not represented by counsel during the trial. Wamsley testified on his own behalf at trial. After the presentation of evidence, the jury deliberated and returned a verdict of guilty on the sole charge of assault. Wamsley was then sentenced by the Court to a period of incarceration of 90 days and suspended the sentence on the condition that he complete 2 years of

community control, 80 hours of community service, pay restitution, and return Lee's property.

*Assignments of Error*

{¶5}    "I. THE TRIAL COURT ERRED IN FAILING TO ADVISE APPELLANT OF THE CONSEQUENCES OF DECLINING COUNSEL AND ELECTING TO REPRESENT HIMSELF, FAILING TO ENSURE THAT APPELLANT'S WAIVER OF COUNSEL WAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.  SIXTH AND FOURTEEN AMENDMENTS OF THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶6}    "II.  THE  MISCONDUCT  OF  THE  PROSECUTOR  VIOLATED APPELLANT'S RIGHTS TO A FAIR TRIAL GUARANTEED BY THE DUE PROCESS PROVISIONS OF ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I.

{¶7}    In his first assignment of error, Wamsley contends he did not voluntarily, knowingly, and intelligently waive the right to counsel, and therefore, his conviction must be vacated.

{¶8}    In the case at bar, the following exchange occurred during Wamsley's arraignment,

THE COURT:        All right, thank you Mr. Stimpert.  Mr. Wamsley, did you get a   copy of this ticket?

MR. WAMSLEY:    I did.

THE COURT:        Do you understand what you're being accused of?

MR. WAMSLEY: Yes.

THE COURT: You're charged with assault, which is knowingly causing or attempting to cause physical harm to another. That is a first degree misdemeanor; maximum penalty for that is 180 days in the County Jail, $1000 fine. Do you understand those possible penalties?

MR. WAMSLEY: Yes, sir, I do.

THE COURT: And were you here, sir, when I explained to everyone their rights?

MR. WAMSLEY: I was.

THE COURT: Any questions about any of that?

MR. WAMSLEY: No.

THE COURT: Have you talked to a lawyer, sir?

MR. WAMSLEY: Yes, I have.

THE COURT: You've done that already?

MR. WAMSLEY: Yes.

THE COURT: Who, sir?

MR. WAMSLEY: Well, I'm not going to retain counsel; it will be pro se.

THE COURT: Okay. Are you prepared to enter a plea then?

MR. WAMSLEY: I'm going to enter a plea to not guilty.

THE COURT: I'm going to accept your not guilty plea.

T. Apr. 28, 2015 at 4-6. In the case at bar, Wamsley was not given the mandatory recitation of rights in conformity with Crim.R. 5 and Crim.R. 10. Wamsley had the right to have an attorney if he so desired to represent him under both the Sixth Amendment to

the United States Constitution and Section 10, Article I of the Ohio Constitution. Wamsley did not admit his guilt in open court without counsel's advice; rather he contested his guilt by representing himself at a *jury trial*.

**The right to counsel under the federal and Ohio constitutions.**

{¶9}    The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process. *Maine v. Moulton,* 474 U.S. 159, 170, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985); *United States v. Wade*, 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The right to counsel extends to "any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial." *United States v. Wade*, 388 U.S. 218, 226, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Undoubtedly, a jury trial ranks as a "critical stage" at which the right to counsel adheres. "Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a "knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances." *Iowa v. Tovar,* 541 U.S. 77, 81, 124 S.Ct. 1379, 158 L.Ed.2d 209(2004), *quoting Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). In order to waive counsel *at trial*, the Supreme Court has observed,

> [R]ecognizing the enormous importance and role that an attorney plays at a criminal trial, *we have imposed the most rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting him to waive his right to counsel at trial. See Faretta v. California*, 422 U.S. 806, 835–836, 95 S.Ct. 2525, 2541–

2542, 45 L.Ed.2d 562 (1975); cf. *Von Moltke v. Gillies*, 332 U.S. 708, 723–

724, 68 S.Ct. 316, 323–324, 92 L.Ed. 309 (1948).

*Patterson v. Illinois*, 487 U.S. 285, 298, 108 S.Ct. 2389, 101 L.Ed.2d 261(1988)(emphasis

added). In the case at bar, Wamsley represented himself at a jury trial.

{¶10} The right to counsel being a constitutional right, strict compliance with the

advisement and waiver requirements is mandatory. *Cf. State v. Griggs,* 103 Ohio St.3d

85, 2004-Ohio-4415, 814 N.E.2d 51("[F]ailure to adequately inform a defendant of his

constitutional rights would invalidate a guilty plea under a presumption that it was entered

involuntarily and unknowingly…"); *State ex rel. Jackson v. Dallman,* 70 Ohio St.3d

261,262 1994-Ohio-235, 638 N.E.2d 563 *(*Requirement that strict compliance with R.C.

2945.05 be shown in order to waive the right to a  jury trial applies to petty cases).

{¶11} "There is a presumption against the waiver of constitutional rights, *see, e.g.,*

*Glasser v. United States*, 315 U.S. 60, 70-71, 62 S.Ct. 457, 86 L.Ed.  680, and for a waiver

to be effective it must be clearly established that there was 'an intentional relinquishment

or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58

S.Ct. 1019, 82 L.Ed. 1461.

> The constitutional right of an accused to be represented by counsel invokes,
>
> of itself, the protection of a trial court, in which the accused-whose life or
>
> liberty is at stake-is without counsel.  This protecting duty imposes the
>
> serious and weighty responsibility upon the trial judge of determining
>
> whether there is an intelligent and competent waiver by the accused.  While
>
> an accused may waive the right to counsel, whether there is a proper waiver

should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.

*Johnson* at 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962).

**{¶12}** In all cases where the right to counsel is waived, the court "must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus. "For a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant." *State v. Brooke*, 113 Ohio St.3d 199, 2007–Ohio–1533, 863 N.E.2d 1024 ¶ 54.

**The constitutional right to self-representation.**

**{¶13}** The Ohio Supreme Court has concluded that "a defendant in a state criminal trial has an independent constitutional right of self-representation and * * * may proceed to defend himself without counsel when he voluntarily, and knowingly and intelligently elects to do so." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399(1976), paragraph one of the syllabus, *citing Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562(1975).

**{¶14}** However, because a jury trial requires skill and expertise that can be daunting, the courts have required that, in addition to a valid waiver of the right to counsel,

the defendant must be strongly advised of the dangers and disadvantages of self-representation.

{¶15} In *Gibson supra*, the Ohio Supreme Court held a trial court must provide sufficient warning to the defendant of the seriousness of the trial and the possible results it could have for his liberty and life. The Court stated:

> This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.

*Gibson, supra*, at 376–377, *citing Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 323(1948). In *Patterson v. Illinois*, 487 U.S. 285, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988), the Court elaborated on "the dangers and disadvantages of self-representation" to which *Faretta* referred,

"[A]t trial," we observed, "counsel is required to help even the most gifted

layman adhere to the rules of procedure and evidence, comprehend the

subtleties of voir dire, examine and cross-examine witnesses effectively ...,

object to improper prosecution questions, and much more."  487 U.S., at

299, n. 13, 108 S.Ct. 2389.  *Warnings of the pitfalls of proceeding to trial*

*without counsel, we therefore said, must be "rigorous[ly]" conveyed.*

Id., at 298, 108 S.Ct. 2389 (emphasis added).  Because the dangers and disadvantages of self-representation during trial are so substantial, an accused will not be deemed to have validly waived his Sixth Amendment right to counsel unless the court has made "searching or formal inquiry" to ensure that his waiver is knowing, intelligent, and voluntary. *Patterson*, 487 U.S. at, 292 & n. 4, 298–300, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988).  In *State v. Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, the Ohio Supreme Court agreed that a defendant must be adequately advised of the perils of self-representation.  Id. at ¶41-42.

{¶16}  In the case at bar, the trial court did read the charges to Wamsley and inform him of the maximum penalties.  However, the trial court did not inform Wamsley of the statutory offenses included within them, the range of allowable punishments, possible defenses, mitigation, the dangers and disadvantages of representing himself at a jury trial, or other facts essential to a broad understanding of the whole matter.

{¶17}  Wamsley was charged with a misdemeanor of the first degree.  He was facing a maximum of six months incarnation.  He was given a 90-day suspended jail

sentence by the trial court.[1] Not only did Wamsley represent himself at his jury trial, he testified in his own defense. Had the trial judge rigorously conveyed the dangers and disadvantages of self-representation at a jury trial Wamsley may well have made a different choice. Without this information, Wamsley could not make an intelligent decision. Wamsley had a constitutional right to make a knowing, intelligent and voluntarily decision on whether to have an attorney represent him at a jury trial or proceed to represent himself at a jury trial to determine his guilt.

**Vacating Wamsley's conviction and sentence is the appropriate remedy because the Ohio constitution provides greater protection than the federal constitution concerning the right to counsel.**

{¶18} Courts have suggested that, in a misdemeanor case, an appellate court can remedy a trial court's failure to comply with the mandatory recitation of rights in conformity with Crim.R. 5 and Crim.R. 10 or the trial court's failure to obtain a knowing, intelligent and voluntary waiver by a defendant of his right to have an attorney to contest his guilt at a jury trial by vacating a sentence of confinement, leaving his conviction intact. This flows from the assumption that a defendant is not entitled to an attorney to represent him if he is not given a sentence of confinement. *See, Scott v. Illinois*, 440 U.S. 367, 373, 99 S.Ct. 1158, 59 L.Ed.2d 383[2]. *See, also, State v. Haag*, 49 Ohio App.2d 268, 360 N.E.2d 756(9th Dist. 1976); *State v. Williams,* Cuyahoga App. No. 102279, 2016-Ohio-381.

---

[1] In *Alabama v. Shelton*, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888(2002), the United States Supreme Court did find that a "suspended sentence that may end up in actual deprivation of a person's liberty may not be imposed unless the defendant was accorded the guiding hand of counsel." Id., syllabus.

[2] In *Scott,* the court stated that "actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment * * * and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. * * * 440 U.S. at 373-374, 99 S.Ct. 1161-1162.

**{¶19}** The difficulty with this approach is that by not imposing a jail sentence, or by an appellate court's vacation of a sentence of confinement on appeal, a trial court can forgo any explanation of constitutional rights, and force an unwilling and unprepared defendant to represent him or herself in front of a jury. This could have a chilling effect upon a person's exercise of his or her constitutional right to a jury trial.

**{¶20}** The Ohio Supreme Court recently fortified the importance of the right to counsel in misdemeanor cases. In a recent decision, the Ohio Supreme Court has signaled a shift from decisions limiting the right to counsel under the federal constitution only to misdemeanor cases in which actual incarceration was imposed. In *State v. Bode,* 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, the Court utilized the Ohio Constitution to suggest that an accused has a right to counsel whenever an accused is facing the *possibility of confinement.*

**{¶21}** In *State v. Bode*, the defendant was convicted of two counts of operating a motor vehicle while intoxicated (OVI), each with a specification that he had previously been convicted of or pleaded guilty to five or more equivalent offenses. 144 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, ¶5. On appeal, the issue presented was whether the state may use an uncounseled juvenile adjudication to enhance penalties for an adult conviction for operating a motor vehicle while intoxicated ("OVI") under R.C. 4511.19(G)(1)(d). We affirmed Bode's conviction and sentence on appeal. In reversing our decision the Supreme Court noted,

> Nevertheless, the state wishes to limit the right to counsel to cases in which
>
> an offender has received a sentence of custody or confinement. It attempts
>
> to characterize Bode's 1992 juvenile disposition as one that did not involve

custody or confinement by emphasizing that he did not receive a suspended sentence and was not notified of any consequences of failing to successfully complete the program or follow-up. His disposition was a referral to a treatment program primarily intended to "educate, counsel, and assess" attendees by offering educational films and lectures and conducting individual and group counseling. The program did not fingerprint or photograph attendees or require them to change out of their street clothes. Uniformed officers were not present, the program had an "open door" policy, there were no locked cells, and attendees were never kept behind locked doors. They could, and in some cases did, choose to leave the program early. In short, the state says that this was not a sentence of confinement that would give rise to a right to counsel.

*But whether jail or prison was actually imposed as a disposition is irrelevant. It is the potential sanction that matters here.*

We recognize that the United States Supreme Court, construing the federal Constitution, does limit the right to counsel to cases in which actual incarceration was imposed. *Scott v. Illinois*, 440 U.S. 367, 373, 99 S.Ct. 1158, 59 L.Ed.2d 383; *Nichols v. United States*, 511 U.S. at 743, 114 S.Ct. 1921, 128 L.Ed.2d 745. *But states have the ability under their own constitutions to grant greater rights than those provided by the federal Constitution. In Nichols, the court acknowledged that a state may give greater protections concerning the right to counsel:*

Of course States may decide, based on their own constitutions or public policy that counsel should be available for all indigent defendants charged with misdemeanors. Indeed, many, if not a majority, of States guarantee the right to counsel whenever imprisonment is authorized by statute, rather than actually imposed. *Nichols* at 748, 114 S.Ct. 1921, fn. 12. The dissent instead would have us confined by federal cases alone.

*But in Ohio, we have already looked to the possibility of confinement as the factor that determines whether counsel is necessary in a particular case.* In *State v. Schleiger*, 141 Ohio St.3d 67, 2014-Ohio-3970, 21 N.E.3d 1033, we considered whether a defendant is entitled to counsel at a resentencing hearing conducted solely for the purpose of properly imposing statutorily mandated post-release control in a felony case. Id. at ¶ 12–17. We determined that a right to counsel exists in critical stages of a criminal proceeding to ensure that the court complies with statutes, the defendant understands proceedings, and issues are preserved for appeal. Id. at ¶ 16. In this case, although Bode would have committed what would have been a misdemeanor had he been an adult at the time, he still faced the possible penalty of confinement. See R.C. 2152.21(A)(6) and former 2151.356(A)(6) as effective in 1992, 143 Ohio Laws, Part I, 620 (providing for commitment). He was entitled to an attorney "at all stages of the proceedings," pursuant to former R.C. 2151.352. 136 Ohio Laws, Part I, 1891. *And while the dissent attempts to minimize misdemeanors, saying that defendants should*

*have a right to counsel only when actual prison is imposed, it is difficult to see any logic or purpose in the felony/misdemeanor distinction. An attorney is crucial whenever there is the possibility of custody—that is what an attorney will protect against.* There is no evidence here that Bode was counseled before he was adjudicated delinquent in 1992 or that he voluntarily chose to give up the right to an attorney. Ohio law provided that Bode was entitled to an attorney, and his uncounseled adjudication amounted to an unconstitutional violation of his due-process rights. *See Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, paragraph one of the syllabus.

*Bode,* 114 Ohio St.3d 155, 2015-Ohio-1519, 41 N.E.3d 1156, ¶22-24 (emphasis added).

**{¶22}** It was *the possibility of confinement* that required a knowing and intelligent waiver to be shown in *Bode.* The fact that the trial court in *Bode* did not impose a sentence of confinement was considered irrelevant. In other words, Bode's *conviction* could not be used in a subsequent case because his constitutional rights had been violated. If the trial court must obtain a knowing, voluntary and intelligent waiver of the right to counsel in order to use Bode's conviction in a subsequent case, or in a case where the court merely re-sentences a defendant to properly impose post release controls, then most certainly a trial court must obtain a knowing, intelligent and voluntary waiver *before permitting a defendant to represent himself at a jury trial* even if the defendant is not given a sentence of confinement.

**{¶23}** A defendant has a constitutional right to decide if he would prefer to have an attorney *to contest his guilt* at trial. Wamsley could not make an intelligent and

voluntary decision to represent himself at a jury trial because he was not properly advised of his constitutional rights by the trial court.  Because both the right to counsel at trial and the right to self-representation are constitutional rights, strict compliance with the advisement and the waiver requirements is mandatory; Wamsley is not required to show prejudice, it is presumed.  Otherwise, a trial court can dispense with all advisement of constitutional rights and with all requirements for a valid waiver of those rights by simply not imposing a sentence of confinement in the event the defendant is found guilty.  If a defendant insists on exercising his or her constitutional right to a jury trial, the court can inform the defendant that the court will not provide an attorney to represent him or her at trial, and the defendant will be required to represent himself or herself in front of a jury and conduct the jury trial.  This can have a chilling effect upon a person's desire to contest, not the *sentence*, but his or her *guilt* of the charged offense.

**{¶24}**  Wamsley was convicted and given a sentence of confinement in the case at bar.  Under *Bode,* the state would not be permitted to use his conviction in a subsequent case because a valid wavier was not obtained.  If the conviction is unconstitutional for *elevation* purposes, it cannot be allowed to stand as constitutional for *conviction* purposes.  Again, this is not a case where the defendant admits his guilt by entering a plea without the assistance of counsel; rather Wamsley exercised his right to have a jury make that determination.  He was charged with a first-degree misdemeanor facing the possibility of up to and including 180-days of confinement.  Wamsley could not voluntary, intelligently and knowingly waive his right to counsel and exercise his right to self-representation because the trial court did not properly advise him as it is required to do.

{¶25} There was no valid waiver of Wamsley's constitutional rights obtained by the trial court before Wamsley represented himself at a jury trial.  Therefore, Wamsely's conviction is unconstitutional.

{¶26} Accordingly, Wamsley's first assignment of error is sustained.

II.

{¶27} In light of our disposition of Wamsley's first assignment of error, we find Wamsley's second assignment of error to be moot.

{¶28} Accordingly, the judgment of the Ashland Municipal Court is reversed, the conviction and sentence are vacated, and this case is remanded to the Ashland Municipal Court for proceedings in accordance with our opinion and the law.

By Gwin, J.,

Farmer, P.J., concur;

Delaney, J., concurs in part;

dissents in part

*Delaney, J., concurring in part & dissenting in part*

{¶29} I concur in the majority's conclusion that Wamsley did not voluntarily, knowingly, and intelligently waive the right to counsel. However, I disagree with the majority's conclusion that the appropriate remedy is to vacate Wamsely's conviction. Therefore, I dissent from the majority's disposition of Wamsley's first assignment of error in this regard.

{¶30} In this case, Wamsley was charged with a petty offense. Crim.R. 44 provides in relevant part:

{¶31} (B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to present him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶32} In accordance with the plain wording of Crim. R. 44(B) and the holdings of our colleagues in the Second and Eighth Appellate Districts in *State v. Owens,* 2nd Dist. Montgomery No. 23150, 2010-Ohio-564, and *State v. Williams*, 8th Dist. Cuyahoga No. 102279, 2016-Ohio-381, I would affirm Wamsley's conviction but vacate the portion of the trial court's judgment entry imposing a jail sentence, including the suspended portion of that jail sentence. Furthermore, I disagree with the majority's interpretation of the Ohio Supreme Court's holding in *State v. Bode* as support for vacating Wamsley's conviction.

{¶33} Lastly, I would overrule Wamsley's second assignment of error. I would find the comments of the prosecutor in closing arguments to be based on the testimony

presented at trial and therefore not improper nor did they prejudicially affect Wamsley's substantial rights under a plain error analysis.

{¶34} For these reasons, I concur in part and dissent in part from the majority Opinion.